PEOPLE v GOMEZ

Docket No. 302485. Submitted February 8, 2012, at Grand Rapids. Decided February 14, 2012, at 9:10 a.m. Leave to appeal sought.

Isaac A. Gomez, a Mexican citizen who had spent most of his life in the United States as a permanent resident, pleaded no contest in the Branch Circuit Court to possession with the intent to deliver less than 5 kilograms of marijuana. Several years later, the Department of Homeland Security notified Gomez that the conviction rendered him subject to automatic deportation. Gomez subsequently moved for relief from the judgment, asserting that his defense counsel had failed to advise him that the plea would affect his immigration status. Gomez, citing *Padilla v Kentucky*, 559 US ___; 130 S Ct 1473 (2010), asserted that this failure rendered his counsel ineffective and asked the court to set aside his conviction. The court, Patrick W. O'Grady, J., denied the motion for relief. Gomez appealed.

The Court of Appeals *held*:

1. A conviction becomes final after the time for direct appeal has expired. Once a conviction is final, a defendant is entitled to relief only if a retroactive change in the law altered the validity of his or her conviction. A new rule of federal criminal procedure generally cannot be applied retroactively to alter a final judgment. A procedural rule is new unless it is dictated by precedent existing at the time the defendant's conviction became final. In *Padilla*, the United States Supreme Court held that a criminal defense attorney must advise a defendant of the effects of a plea on his or her immigration status. *Padilla* established a new procedural rule. A new rule is not retroactive unless one of two exceptions applies: (1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe or (2) it requires the observance of procedures implicit in the concept of ordered liberty. The new rule in *Padilla* does not regulate private conduct, nor is the rule so implicit in the structure of criminal proceedings that retroactivity is mandated. Thus, the rule is not retroactive under federal law.

2. A state may accord broader effect to a new rule of criminal procedure than federal retroactivity jurisprudence accords. Retro-

active application of the requirement that a defendant be advised of the effects of a plea on his or her immigration status would conflict with Michigan precedent regarding the necessity of that advice, however. Further, in determining whether to apply a rule retroactively under Michigan law, a court should consider the purpose of the new rule, the general reliance on the old rule, and the effect of retroactive application of the new rule on the administration of justice. Consideration of these factors precludes retroactive application of the *Padilla* rule. The trial court properly denied relief from the judgment.

Affirmed.

CRIMINAL LAW — CRIMINAL PROCEDURE — EFFECTIVE ASSISTANCE OF COUNSEL — ADVICE REGARDING EFFECTS OF PLEA ON IMMIGRATION STATUS — RETRO- ACTIVITY — FINALITY OF CONVICTIONS.

The United States Supreme Court's decision in *Padilla v Kentucky*, 559 US ___; 130 S Ct 1473 (2010), holding that a criminal defense attorney must advise a defendant of the effects of a plea on the defendant's immigration status, does not apply retroactively to cases in which a defendant's conviction became final before *Padilla* was decided; a conviction becomes final when the time for a direct appeal expires.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, *Terri A. Norris*, Prosecuting Attorney, and *John S. Pallas*, Assistant Attorney General, for the people.

*Speaker Law Firm, PLLC* (by *Liisa R. Speaker*), for Isaac A. Gomez.

Before: SAWYER, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

O'CONNELL, J. Defendant appeals by leave granted the trial court's order denying his motion for relief from the judgment. The issue on appeal is whether *Padilla v Kentucky*, 559 US ___; 130 S Ct 1473; 176 L Ed 2d 284 (2010), applies retroactively to allow defendant to avoid the potential immigration consequences of his plea-

based conviction. We hold that the new rule of criminal procedure announced in *Padilla* has prospective application only. Accordingly, we affirm the trial court's order.

## I. FACTS AND PROCEDURAL HISTORY

Defendant, a citizen of Mexico, has lived much of his life in the United States as a permanent resident. In 2001, the Branch County prosecutor charged defendant with two controlled substance offenses under MCL 333.7401 and with possession of a firearm during the commission of a felony under MCL 750.227b. Defendant ultimately entered a no-contest plea to the charge of possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(1) and (2)(d)(*iii*). At sentencing, the trial court stated to defendant, "[H]aving gone through the presentence report, you certainly have demonstrated otherwise in your life that you are an intelligent, hard working individual. And it's unfortunate that you are standing here under these circumstances. Hopefully this will be a single aberration in your otherwise blemish-less life." The court sentenced defendant to 120 days' imprisonment, with work release permitted. Defendant served a 24-month probation term and was discharged in 2005.

Four years later, the federal Department of Homeland Security notified defendant that his conviction rendered him subject to deportation. The following year, the United States Supreme Court issued the *Padilla* decision, which held that criminal defense counsel must advise a defendant when a guilty plea will render the defendant subject to automatic deportation. *Padilla*, 559 US at ___; 130 S Ct at 1478. Shortly after the Supreme Court issued *Padilla*, defendant moved for relief from the judgment in the trial court. Defendant

asserted that neither defense counsel nor the trial court ever asked him about his immigration or citizenship status. He further asserted that if he had been told that his plea would affect his immigration status, he would not have entered the plea and would instead have gone to trial on the charges. He argued that his counsel was ineffective under *Padilla* and that the trial court should set aside his conviction.

The trial court denied defendant's motion for relief. The court determined that nothing in the *Padilla* decision required retroactive application of the new rule regarding advice about immigration consequences. The court further determined that "[t]o retroactively apply the Padilla ruling and cause all cases to be later dismissed due to no longer having State's evidence or to have to recreate such investigation is not the intent of the Padilla decision."

## II. ANALYSIS

### A. STANDARD OF REVIEW

The issue whether a United States Supreme Court decision applies retroactively presents a question of law that we review de novo. *People v Maxson*, 482 Mich 385, 387; 759 NW2d 817 (2008). We review for an abuse of discretion the trial court's ultimate ruling on a motion for relief from a judgment. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010).

### B. RETROACTIVITY UNDER FEDERAL LAW

Defendant's conviction became final when the time for a direct appeal expired, which was several years before the Supreme Court issued *Padilla*. See *Beard v Banks*, 542 US 406, 411; 124 S Ct 2504; 159 L Ed 2d 494 (2004) (stating that convictions are final when the

availability of direct appeal has been exhausted and the time for filing a petition for a writ of certiorari has expired). Given that his conviction is final, defendant is entitled to relief only if a retroactive change in the law has altered the validity of his or her conviction. See generally MCR 6.500 *et seq.* To determine whether a retroactive change can alter a conviction, the federal courts use the analysis described in *Teague v Lane,* 489 US 288; 109 S Ct 1060; 103 L Ed 2d 334 (1989). Under *Teague,* a new rule of criminal procedure generally cannot be applied retroactively to alter a final judgment. *Id.* at 310. Accordingly, the first step in the *Teague* analysis is to determine whether the rule at issue constitutes a new rule. *Maxson,* 482 Mich at 388. A procedural rule is new unless it is *"dictated* by precedent existing at the time the defendant's conviction became final." *Teague,* 489 US at 301 (emphasis added).

The federal circuits are split regarding whether *Padilla* announced a new rule.[1] The United States Court of Appeals for the Sixth Circuit has not ruled on the issue, but has denied relief from a judgment in a *Padilla* challenge on the ground that the defendant failed to establish prejudice. *Pilla v United States,* 668 F3d 368, 373 (CA 6, 2012).[2] An examination of the *Padilla* decision itself, however, indicates that neither the bench nor the bar could have forecast that the pre-

---

[1] Compare *United States v Hong,* 671 F3d 1147, 1148, 1156 (2011) (*Padilla* announced a new rule), and *Chaidez v United States,* 655 F3d 684, 694 (CA 7, 2011) (same) (petition for certiorari filed December 23, 2011), with *United States v Orocio,* 645 F3d 630, 641 (CA 3, 2011) (*Padilla* stated an old rule and is retroactive).

[2] At least one district court in the Sixth Circuit has determined that *Padilla* did not create a new rule and is retroactive. *United States v Reid,* 2011 WL 3417235, *4 (SD Ohio, August 4, 2011) (Docket No. 1:97-CR-94).

*Padilla* precedent dictated an advisement of the immigration consequences of a guilty plea. The two concurring justices used pellucid phrasing to characterize the new rule, terming the rule a "dramatic departure," a "major upheaval," and a "dramatic expansion of the scope of criminal defense counsel's duties . . . ." *Padilla*, 559 US at ___; 130 S Ct at 1488, 1491, 1492. The Tenth Circuit aptly described the concurring and dissenting justices' views:

> In a concurrence, Justice Alito (joined by Chief Justice Roberts) stated "the Court's decision marks a major upheaval in Sixth Amendment law" and noted the majority failed to cite any precedent for the premise that a defense counsel's failure to provide advice concerning the immigration consequences of a criminal conviction violated a defendant's right to counsel. *Padilla*, 130 S. Ct. at 1491 (Alito, J., concurring in judgment); *see also id.* at 1488 (noting the majority's "dramatic departure from precedent"); *id.* at 1491 ("[T]he Court's view has been rejected by every Federal Court of Appeals to have considered the issue thus far."); *id.* at 1492 ("The majority seeks to downplay its dramatic expansion of the scope of criminal defense counsel's duties under the Sixth Amendment.").
>
> Similarly, Justice Scalia in a dissent (joined by Justice Thomas), argued the Sixth Amendment right to counsel does not extend to "advice about the collateral consequences of conviction" and that the Court, until *Padilla*, had limited the Sixth Amendment to advice directly related to defense against criminal prosecutions. *Id.* at 1494-95 (Scalia, J., dissenting); *see also id.* at 1495 ("There is no basis in text or in principle to extend the constitutionally required advice regarding guilty pleas beyond those matters germane to the criminal prosecution at hand.").
> [*United States v Hong*, 671 F3d 1147, 1154-1155 (2011).]

The Seventh Circuit determined that the disagreement among the justices demonstrated that *Padilla* established a new rule (otherwise, the justices would have reached some accord on the basic principle). *Chaidez v United States*, 655 F3d 684, 689-690 (CA 7, 2011).[3]

Given the narrow margin among our nation's Supreme Court justices on this issue, the federal retroactivity analysis indicates that *Padilla* established a new procedural rule. This new rule is not retroactive unless one of two exceptions to nonretroactivity applies: (1) the rule "places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe" or (2) the rule "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Teague*, 489 US at 307 (quotation marks and citations omitted); see also *Maxson*, 482 Mich at 388.

Neither of the two exceptions applies here. The requirement that criminal defense counsel advise defendants of immigration consequences does not regulate private conduct, nor is the requirement so implicit in the structure of criminal proceedings that retroactivity is mandated. Accord *Hong*, 671 F3d at 1158-1159. Rather, the requirement applies to a subset of criminal defendants who might wish to consider immigration consequences as part of the many variables they will assess when deciding whether to enter a plea. There-

---

[3] The *Padilla* majority did not identify definitive precedent establishing that effective representation required immigration advice. Rather, the *Padilla* majority stated, "For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea." *Padilla*, 559 US at ___; 130 S Ct at 1485. In our view, professional norms do not amount to precedent that dictates a result within the meaning of *Teague*.

fore, we conclude that federal precedent does not require retroactive application of the new *Padilla* rule.

### C. RETROACTIVITY UNDER MICHIGAN LAW

Despite the lack of retroactivity under the federal analysis, this Court could nonetheless apply *Padilla* retroactively in this case. "A state may accord broader effect to a new rule of criminal procedure than federal retroactivity jurisprudence accords." *Maxson*, 482 Mich at 392. We decline to broaden the applicability of *Padilla* for two reasons. First, the pre-*Padilla* Michigan precedent expressly stated that "a failure by counsel to give immigration advice does *not* render [defense counsel's] representation constitutionally ineffective." *People v Davidovich*, 463 Mich 446, 453; 618 NW2d 579 (2000) (emphasis added). To apply *Padilla* retroactively would be to allow any offender to negate an earlier acknowledgement of guilt merely by asserting a potential immigration issue. Nothing in Michigan caselaw allows withdrawal of guilty pleas on this basis.

Second, the Michigan retroactivity analysis mandates that *Padilla* be applied prospectively only. Three factors govern the Michigan retroactivity analysis: " '(1) the purpose of the new rules; (2) the general reliance on the old rule[;] and (3) the effect of retroactive application of the new rule on the administration of justice.' " *Maxson*, 482 Mich at 393, quoting *People v Sexton*, 458 Mich 43, 60-61; 580 NW2d 404 (1998) (alteration in original). In *Maxson*, our Supreme Court held that these factors precluded retroactive application of a new procedural rule that affected appeals from guilty pleas. *Id*. at 393-399. Like the rule held to be prospective in *Maxson*, the *Padilla* rule cannot reasonably be deemed to require retroactive application.

### III. CONCLUSION

In sum, we hold that both the federal analysis and the Michigan analysis require that the new rule of criminal procedure announced in *Padilla* be applied prospectively only. Accordingly, the trial court was within its discretion in denying defendant's motion for relief from the judgment.

Affirmed.

SAWYER, P.J., and RONAYNE KRAUSE, J., concurred with O'CONNELL, J.