Per Curiam.
**267 In 2002, defendant Timothy Barnes was convicted of second-degree murder, MCL 750.317, and other offenses. On direct appeal, the Court of Appeals affirmed his convictions, and this Court denied leave to appeal. People v. Barnes , 472 Mich. 866, 692 N.W.2d 840 (2005). In 2008, defendant moved in the trial court for relief from judgment. The trial court denied the motion. The Court of Appeals and this Court denied leave to appeal. People v. Barnes , 488 Mich. 869, 788 N.W.2d 418 (2010). Defendant has now filed another motion for relief from judgment, arguing that, because his sentence was imposed when the legislative sentencing guidelines were mandatory, he should be resentenced now that this Court has held in People v. Lockridge , 498 Mich. 358, 870 N.W.2d 502 (2015), that the guidelines are advisory only.[1] Ordinarily, successive motions for relief from judgment are barred by MCR 6.502(G)(1), which allows, "after August 1, 1995, one and only one motion for relief from **268 judgment [to] be filed with regard to a conviction." The trial court denied defendant's motion on that basis. On appeal, defendant argues that the trial court erred and that his motion falls within one of the exceptions in MCR 6.502(G)(2), which allows a "subsequent motion [for relief from judgment] based on a retroactive change in law that occurred after the first motion for relief from judgment...." As explained in this opinion, Lockridge does not have retroactive effect for sentences receiving collateral review under MCR 6.500, and so we affirm.
Ordinarily, "judicial decisions are to be given complete retroactive effect." Hyde v. Univ. of Mich. Bd. of Regents , 426 Mich. 223, 240, 393 N.W.2d 847 (1986). But judicial decisions which express new rules normally are not applied retroactively to other cases that have become final. "New legal principles, even when applied retroactively, do not apply to cases already closed," because "at some point, 'the rights of the parties should be considered frozen' and a 'conviction ... final.' " Reynoldsville Casket Co. v. Hyde , 514 U.S. 749, 758, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995), quoting United States v. Estate of Donnelly , 397 U.S. 286, 296, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970) (Harlan, J., concurring). Thus, as to those cases that have become final, the general rule allows only prospective application. However, there are "certain special concerns-related to collateral review of state criminal convictions-that affect" how courts determine whether a case should be considered closed. Reynoldsville Casket Co. , 514 U.S. at 758, 115 S.Ct. 1745. In essence, these "special concerns" amount to exceptions to the general rule of nonretroactivity for closed cases, allowing a new legal rule to be applied on collateral review to an otherwise closed case. Both federal and state rules govern the retroactive *581 application **269 of new legal principles to criminal cases that are otherwise final but subject to collateral review.
The federal standard for retroactivity under these circumstances was most recently laid out in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 728, 193 L.Ed.2d 599 (2016) :
Justice O'Connor's plurality opinion in Teague v. Lane , 489 U.S. 288 [109 S.Ct. 1060, 103 L.Ed.2d 334] (1989), set forth a framework for retroactivity in cases on federal collateral review. Under Teague , a new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced. Teague recognized, however, two categories of rules that are not subject to its general retroactivity bar. First, courts must give retroactive effect to new substantive rules of constitutional law. Substantive rules include "rules forbidding criminal punishment of certain primary conduct," as well as "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." Penry v. Lynaugh , 492 U.S. 302, 330 [109 S.Ct. 2934, 106 L.Ed.2d 256] (1989) ; see also Teague , [489 U.S.] at 307 [109 S.Ct. 1060].... Second, courts must give retroactive effect to new " ' "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding.' " [ Schriro v. Summerlin , 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) ]; see also Teague , 489 U.S. at 312-313 [109 S.Ct. 1060].
"Thus, the first question under Teague is whether the rule in [ Lockridge ] constitutes a new rule." People v. Maxson , 482 Mich. 385, 388, 759 N.W.2d 817 (2008). In Maxson , we surveyed the caselaw to summarize how to go about identifying a "new rule":
"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." Penry v. Lynaugh , 492 U.S. 302, 314, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (citation omitted). Deciding whether a rule is "new" requires a court to determine **270 "whether 'a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.' " O'Dell v. Netherland , 521 U.S. 151, 156, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (emphasis added and citations omitted). If a reasonable jurist would not have felt compelled by existing precedent, then the rule is new. Beard v. Banks , 542 U.S. 406, 413, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004). In other words, the relevant question is not simply whether existing precedent might have supported the rule, but whether the rule "was dictated by then-existing precedent." Id . at 413, 124 S.Ct. 2504 (emphasis in original). [ Maxson , 482 Mich. at 388-389, 759 N.W.2d 817 (quotation marks omitted; alterations in original).]
We conclude that Lockridge articulated a new rule under this standard. Lockridge itself was based on Alleyne v. United States , 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In Alleyne , id . at 103, 133 S.Ct. 2151, the Supreme Court of the United States overruled its previous decision in Harris v. United States , 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), so Alleyne clearly was not compelled by existing precedent. And we have previously stated that Alleyne established a new rule of law, albeit not while reviewing whether our Lockridge rule applies retroactively. See People v. Carp , 496 Mich. 440, 491, 852 N.W.2d 801 (2014) ("[Defendant's] argument relies on the *582 new rule adopted in Alleyne ...."). Our decision in Carp was vacated on unrelated grounds, Davis v.Michigan , --- U.S. ----, 136 S.Ct. 1356, 194 L.Ed.2d 339 (2016), but we agree with the several federal courts that have concluded that Alleyne articulated a new rule.[2] **271 Having established that Alleyne created a new rule of law, we must determine whether either of the exceptions to the general rule of prospective-only application is applicable to this criminal case receiving collateral review. The first exception is whether the rule is a "substantive rule of constitutional law," defined as a rule forbidding certain primary conduct or a rule prohibiting a certain category of punishment for a class of defendants because of their status or offense. Montgomery , 577 U.S. at ----, 136 S.Ct. at 728. The rule here does not satisfy this exception because it applies neither to primary conduct nor to a particular class of defendants but rather adjusts how the sentencing process functions once any defendant is convicted of a crime. The second exception is whether the new rule is a "watershed rule" of criminal procedure. Id . at ----, 136 S.Ct. at 728. "In order to qualify as watershed, a new rule must ... be necessary to prevent an impermissibly large risk of an inaccurate conviction ... [and] alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Whorton v. Bockting , 549 U.S. 406, 418, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), quoting Schriro , 542 U.S. at 356, 124 S.Ct. 2519 (quotation marks omitted). The rule here does not **272 satisfy this exception either, because it has nothing to do with the accuracy of a conviction.[3] Our conclusion that Alleyne is not entitled to retroactive application under the Teague framework is consistent with our remarks in Carp , 496 Mich. at 491, 852 N.W.2d 801, that we were not "persuaded" "that Alleyne established a substantive rule entitled to retroactive application," meaning we "treat[ed] the rule in Alleyne as a procedural rule entitled only to prospective application." As noted, Carp was vacated on unrelated grounds, but federal courts *583 have also consistently held that Alleyne is only prospective.[4] **273 Yet the fact that Alleyne (on which Lockridge was based) does not apply retroactively on collateral review does not end the analysis. "[T]he remedy a state court chooses to provide its citizens for violations of the Federal Constitution is primarily a question of state law." Danforth v. Minnesota , 552 U.S. 264, 288, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008). Consequently, we must also consider whether our Lockridge decision applies retroactively on state-law grounds. Our state-law test was set out in People v. Hampton , 384 Mich. 669, 187 N.W.2d 404 (1971).[5] We consider: "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice."[6] As to purpose, the new rule "is not relevant to the ascertainment of guilt or innocence and does not implicate the integrity of the fact-finding process," meaning "it is amenable to prospective application."[7] **274 People v. Sexton , 458 Mich. 43, 62-63, 580 N.W.2d 404 (1998). Moreover, it is manifest that there was widespread, indeed statewide, reliance by the bench and bar[8] on the mandatory sentencing *584 guidelines scheme, which was applied by legislative dictate to almost all felonies in Michigan from January 1, 1999, MCL 769.34(2), until our Lockridge decision. As we acknowledged in Lockridge , 498 Mich. at 372, 870 N.W.2d 502, this Court had expressly held in People v. Drohan , 475 Mich. 140, 715 N.W.2d 778 (2006), that Alleyne 's predecessors "did not apply to Michigan's sentencing scheme at all," and until Lockridge was decided, there was no reason not to continue applying the mandatory sentencing guidelines. Because of this general reliance on the old rule, the effect on the administration of justice to extend the Lockridge rule retroactively on collateral review would be incalculable, with potentially every criminal defendant sentenced in at least the last 19 years being eligible for relief. Consequently, we hold that Lockridge will be given only prospective application on collateral review.
Defendant's conviction became final for purposes of appellate review over 10 years before Lockridge was decided. Because neither Alleyne nor Lockridge qualify for the extraordinary remedy of retroactive application to cases on collateral review, we affirm the trial court's decision to deny defendant's motion for relief from **275 judgment for failing to articulate a retroactive change in law that can be applied to his case.
Stephen J. Markman, C.J., Brian K. Zahra, Bridget M. McCormack, David F. Viviano, Richard H. Bernstein, Kurtis T. Wilder, Elizabeth T. Clement, JJ.

Even if defendant's argument that Lockridge applies to his sentence were correct, he would only be entitled to a remand to the trial court for possible resentencing. See Lockridge , 498 Mich. at 395-399, 870 N.W.2d 502, citing United States v. Crosby , 397 F.3d 103, 117-118 (CA 2, 2005).

See Butterworth v. United States , 775 F.3d 459, 465 (CA 1, 2015) ("Our conclusion that Alleyne was a new rule brings us into accord with the other circuit courts to have decided the issue."); United States v. Reyes , 755 F.3d 210, 212 (CA 3, 2014) ("[T]oday we clarify that Alleyne did indeed announce a new rule."); In re Payne , 733 F.3d 1027, 1029 (CA 10, 2013) ("Alleyne actually does set forth a new rule of constitutional law....") (quotation marks and citation omitted); Simpson v. United States , 721 F.3d 875, 876 (CA 7, 2013) ("Alleyne establishes a new rule of constitutional law."). See also Commonwealth v. Washington , 636 Pa. 301, 314, 142 A.3d 810 (2016) ("There is presently no controversy concerning the proposition that Alleyne sets forth a new rule of constitutional law."); State v. Large , 234 Ariz. 274, 280, 321 P.3d 439 (Ariz. App., 2014) ("Alleyne presented a new rule of constitutional law."). Several federal courts have decided not to decide whether Alleyne established a "new rule" for purposes of retroactivity analysis. See In re Sams , 830 F.3d 1234, 1241 (CA 11, 2016) ; Walker v. United States , 810 F.3d 568, 574 (CA 8, 2016) ; Hughes v. United States , 770 F.3d 814, 819 (CA 9, 2014) ; In re Mazzio , 756 F.3d 487, 489 n. 2 (CA 6, 2014) ; United States v. Redd , 735 F.3d 88, 91 (CA 2, 2013).

It is also worth noting that since Teague , the Supreme Court of the United States "ha[s] rejected every claim that a new rule satisfied the requirements for watershed status." Whorton , 549 U.S. at 418, 127 S.Ct. 1173. "Although the precise contours of this exception may be difficult to discern, [the Supreme Court of the United States has] usually cited Gideon v. Wainwright , 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." Saffle v. Parks , 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990).

See United States v. Olvera , 775 F.3d 726, 730 (CA 5, 2015) ; Butterworth , 775 F.3d at 468 ("We therefore conclude that the rule announced in Alleyne is not retroactively applicable to sentences on collateral review...."); Hughes , 770 F.3d at 819 ("The Supreme Court did not make Alleyne expressly retroactive, and Hughes has not shown that it was made retroactive by multiple Supreme Court holdings."); United States v. Hoon , 762 F.3d 1172, 1173 (CA 10, 2014) ("No court has treated Alleyne as retroactive to cases on collateral review.... This holding could not be questioned by any reasonable jurist."); Jeanty v. Warden, FCI-Miami , 757 F.3d 1283, 1285 (CA 11, 2014) ("Alleyne does not apply retroactively on collateral review."); Mazzio , 756 F.3d at 491 ("Alleyne does not fall into either Teague exception because it is not a substantive rule and it also does not meet the high standard for new rules of criminal procedure."); United States v. Winkelman , 746 F.3d 134, 136 (CA 3, 2014) ("[W]e now hold that Alleyne cannot be applied retroactively to cases on collateral review."); Redd , 735 F.3d at 92 ("Alleyne did not announce a new rule of law made retroactive on collateral review."). See also Commonwealth v. Riggle , 119 A.3d 1058, 1067, 2015 Pa. Super. 147 (2015) ("Alleyne ... is not substantive. Nor does Alleyne constitute a watershed procedural rule."); United States v. Stewart , 540 F. Appx. 171, 172 n. * (CA 4, 2013) ("Alleyne has not been made retroactively applicable to cases on collateral review."); Simpson , 721 F.3d at 876 ("[T]he decision [on retroactivity] is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack....").

The state-law test in Hampton was derived from Linkletter v. Walker , 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Linkletter was subsequently disavowed as the federal standard for retroactivity in Griffith v. Kentucky , 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), but we recognized the Hampton /Linkletter standard's continued viability as the state-specific standard in People v. Sexton , 458 Mich. 43, 60-61, 580 N.W.2d 404 (1998).

It is worth noting that "[t]he second and third factors can be dealt with together, because the amount of past reliance will often have a profound effect upon the administration of justice." Hampton , 384 Mich. at 677, 187 N.W.2d 404.

While we conclude that all of the state retroactivity factors support prospective application only, we note that when the first factor "strongly supports one side or the other of the retroactivity question," it is to be afforded "heightened weight," meaning "the second and third factors would need to favor retroactive application to a substantial degree" to overcome the first factor. Carp , 496 Mich. at 502-503, 852 N.W.2d 801, citing Michigan v. Payne , 412 U.S. 47, 55, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973).

Defendant in his application makes no argument whatsoever about his own reliance on the old rule. "To be considered to have detrimentally relied on the old rule, a defendant must have relied on the rule ... and have suffered harm as a result of that reliance." Maxson , 482 Mich. at 394, 759 N.W.2d 817. Defendant shows no reliance at all, let alone detrimental reliance, on the old rule.