# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

WAYNE SEALS,

        Defendant-Appellee.

UNPUBLISHED
December 13, 2018

No. 338850
Wayne Circuit Court
LC No. 11-009610-01-FC

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Defendant, Wayne Seals, was convicted of second-degree murder, MCL 750.317, assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to serve 15 to 25 years' imprisonment for his second-degree murder conviction, 3 to 10 years' imprisonment for his assault with intent to do great bodily harm conviction, and two years' imprisonment for his felony-firearm conviction. This Court affirmed his convictions and sentences.[1] Thereafter, in response to Seals's motion for relief from judgment, the trial court held that it would apply *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) retroactively, held a *Crosby*[2] hearing, and resentenced Seals to 7 to 15 years for the murder conviction. The prosecution appeals as of right, and, for the reasons stated in this opinion, we reverse the court's order, vacate the amended judgment of sentence, and remand for reinstatement of Seals's original judgment of sentence.

On appeal, the prosecution argues that the trial court erred by applying *Lockridge* retroactively and that, by resentencing Seals based on such error, it necessarily abused its discretion. Generally, "[t]he retroactive effect of a court's decision is a question of law that this Court reviews de novo." *Johnson v White*, 261 Mich App 332, 336; 682 NW2d 505 (2004). The question of whether *Lockridge* applies retroactively, however, was recently addressed by our

---

[1] *People v Seals*, unpublished per curiam opinion of the Court of Appeals, issued November 13, 2014 (Docket No. 316474).

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Supreme Court in *People v Barnes*, 502 Mich 265, 274; 917 NW2d 577 (2018). The *Barnes* Court held that "neither *Alleyne*[3] nor *Lockridge* qualify for the extraordinary remedy of retroactive application to cases on collateral review[.]" Consequently, the Supreme Court held "that *Lockridge* will be given only prospective application on collateral review." *Id*. at 274. Accordingly, the trial court erred by applying *Lockridge* retroactively, and the court's erroneous retroactive application of *Lockridge* led it to hold a *Crosby* hearing and resentence Seals, which necessarily transformed its resentencing decision into an abuse of discretion. See *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010) (noting that a trial court abuses its discretion when its decision is premised on an error of law).

Moreover, we are unpersuaded by Seals's argument concerning "good cause" under MCR 6.508(D). A defendant can establish "good cause" for purposes of that rule "by proving ineffective assistance of appellate counsel, pursuant to the standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)," *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995), which is what Seals argues here, contending that his appellate lawyer performed ineffectively by failing to raise a claim of error under *Alleyne*. However, a lawyer is not ineffective for failing to argue a meritless position, *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005), nor is he or she ineffective for failing to raise a novel legal argument that is unsupported by existing law, *People v Reed*, 453 Mich 685, 692; 556 NW2d 858 (1996). Nearly a year before deciding Seals's first appeal, this Court held that Michigan's sentencing guidelines did *not* run afoul of *Alleyne*. *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), rev'd in part 498 Mich 901 (2015), and overruled by *Lockridge*, 498 Mich at 399. Accordingly, at the time that Seals's lawyer filed an appellate brief on Seals's behalf, there was binding precedent unequivocally holding that the sentencing guidelines were not unconstitutional under *Alleyne*. Therefore, because Seals cannot demonstrate that his appellate lawyer performed ineffectively by failing to raise a claim of error that was directly contradicted by binding precedent at the time in question, his sole argument for "good cause" under MCR 6.508(D) fails.

Reversed, vacated, and remanded for reinstatement of Seals's original judgment of sentence. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

---

[3] *Alleyne v United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013).