*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 11, 2021

v

ISAAC JAMES RODGERS,

Defendant-Appellant.

No. 343720
Oakland Circuit Court
LC No. 2007-215475-FC

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] from the trial court's order denying defendant's application for leave to file a successive motion for relief from judgment. We affirm.

## I. BACKGROUND

This appeal stems from defendant's December 6, 2007 plea of no contest to a single count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(f) (personal injury to the victim), pursuant to a *Cobbs*[2] agreement. On January 14, 2008, defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 12 to 30 years' imprisonment for one count of CSC I. After defendant was sentenced, the trial court sua sponte amended the judgment of sentence to add the statutory requirement of lifetime electronic monitoring under MCL 750.520b(2)(d). Defendant sought to challenge the amended judgment of sentence, and this appeal followed a lengthy procedural history.

On September 18, 2019, the Michigan Supreme Court remanded this matter to this Court for consideration as on leave granted in lieu of granting leave to appeal. *People v Rodgers*, 504

---

[1] After this Court denied defendant's application for leave to appeal on September 19, 2018, the Michigan Supreme Court remanded this matter to this Court for consideration as on leave granted. *People v Rodgers*, 504 Mich 962 (2019).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Mich 962 (2019). The Michigan Supreme Court directed this Court to consider three specific issues. *Id*. First, whether "this Court's decision in *People v Comer*, 500 Mich 278[; 901 NW2d 553] (2017), constituted a retroactive change in the law such that an exception to the ban on successive motions for relief from judgment applies, MCR 6.502(G)(2)[.]" *Id*. Second, whether "the Oakland Circuit Court lacked jurisdiction, under *Comer*, to amend the January 14, 2008 judgment of sentence on its own initiative, after entry, to add lifetime electronic monitoring[.]" *Id*. Third, "if *Comer* does not constitute a retroactive change in the law, but the trial court lacked jurisdiction to amend the judgment of sentence, the defendant is entitled to relief on his successive motion for relief from judgment or relief is barred by MCR 6.502(G)." *Id*.

## II. STANDARD OF REVIEW

This Court reviews "a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628 n 4; 794 NW2d 92 (2010) (citation omitted). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or if the trial court makes an error of law. *Id*. at 628-629. "The interpretation of a court rule is a question of law that is reviewed de novo." *Id*. at 629 (citation omitted). Furthermore, "[t]he retroactive effect of a court's decision is a question of law that this Court reviews de novo." *People v Quinn*, 305 Mich App 484, 489; 853 NW2d 383 (2014) (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, defendant argues that the trial court erred when it denied defendant's application for leave to file a successive motion for relief from judgment because: (1) the Michigan Supreme Court's opinion in *People v Comer*, *supra*, constituted a retroactive change in the law such that an exception to the ban on successive motions for relief from judgment applies, (2) the trial court lacked jurisdiction to amend the January 14, 2008 judgment of sentence on its own initiative to add lifetime electronic monitoring after entry, and (3) even assuming that *Comer* does not constitute a retroactive change in the law, defendant is entitled to relief on his successive motion for relief from judgment because a jurisdictional defect can be raised at any time. As to each issue, we hold that: (1) the Michigan Supreme Court's decision in *Comer* did not constitute a retroactive change in the law such that an exception to the ban on successive motions for relief from judgment applies under MCR 6.502(G)(2), (2) assuming that *Comer* applies retroactively, the trial court had jurisdiction to amend the January 14, 2008 judgment of sentence on its own initiative, after entry, to add lifetime electronic monitoring, and (3) assuming that *Comer* did not constitute a retroactive change in the law, but the trial court lacked jurisdiction to amend the judgment of sentence, defendant would be entitled to relief because the amended judgment of sentence was void for lack of jurisdiction, and jurisdictional defects may be raised at any time.

## A. RETROACTIVE CHANGE IN THE LAW

On remand, the Michigan Supreme Court specifically directed this Court to consider whether the Michigan Supreme Court's decision in *Comer* constituted a retroactive change in the law such that an exception to the ban on successive motions for relief from judgment applies under MCR 6.502(G)(2). *People v Rodgers*, 504 Mich 962 (2019).

Generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). MCR 6.502(G)(2) is an exception to the general prohibition on successive motions for relief from judgment. *Id*. Under the relevant portion of MCR 6.502(G)(2), "[a] defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment[.]"

In *Comer*, the Michigan Supreme Court considered whether the trial court's failure to impose lifetime electronic monitoring as a part of the defendant's sentence for CSC I rendered the defendant's sentence invalid, and, if so, whether the trial court could correct the invalid sentence on its own initiative 19 months after the original judgment of sentence was entered. *Comer*, 500 Mich at 283. After determining that the defendant's sentence was invalid because the defendant's sentence did not include the lifetime electronic monitoring mandated by MCL 750.520n, the Michigan Supreme Court concluded that "the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Id*. at 297. "Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429." *Id*. at 297-298. In reaching its holding, the Michigan Supreme Court overruled this Court's opinion in *People v Harris*, 224 Mich App 597, 601; 569 NW2d 525 (1997), which provided that "a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A)[.]" *Comer*, 500 Mich at 298. Accordingly, the Michigan Supreme Court's decision in *Comer* constituted a change in the law regarding a trial court's authority to correct an invalid sentence on its own initiative.

On June 23, 2017, the date *Comer* was decided, MCR 6.429(A) provided that "[a] motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." *Id*. at 294. In response to *Comer*, the Michigan Supreme Court amended MCR 6.429(A), effective September 1, 2018, to permit the trial court to correct an invalid sentence on its own initiative. (MCR 6.429(A), 2018 Staff Comment). MCR 6.429(A) now provides as follows:

> The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

In the instant matter, the trial court entered the amended judgment of sentence on February 19, 2008. Thus, the version of MCR 6.429 that the Michigan Supreme Court interpreted in *Comer* was still in effect at the time the trial court amended the judgment of sentence, and the amended version of MCR 6.429 that gave the trial court ability to correct an invalid judgment on its own initiative was not yet in effect.

In considering whether *Comer* should be applied retroactively, we begin with the maxim that "Michigan law has regularly declined to apply new rules of criminal procedure to cases in which a defendant's conviction has become final." *People v Maxson*, 482 Mich 385, 392-393; 759 NW2d 817 (2008) (citations omitted). Generally, convictions become final when a direct appeal has been exhausted or the time for a direct appeal has expired. *People v Gomez*, 295 Mich App

411, 414-415; 820 NW2d 217 (2012). Defendant's conviction became final when, after this Court denied defendant's first delayed application for leave to appeal in 2014, the Michigan Supreme Court denied defendant's application for leave to appeal and motion to remand in 2015. *People v Rodgers*, 497 Mich 1010 (2015).

Under Michigan law, courts consider a three-part test of retroactivity that assesses "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice." *People v Barnes*, 502 Mich 265, 273; 917 NW2d 577 (2018) (citation and quotation marks omitted). "Because the amount of past reliance will often have a profound affect [sic] on the administration of justice, the second and third factors are often dealt with together." *People v Sexton*, 458 Mich 43, 63; 580 NW2d 404 (1998) (citation omitted). In regard to the purpose prong, "[w]hen a decision of this Court involves a rule which concerns the ascertainment of guilt or innocence, retroactive application may be appropriate." *Id*. at 63-64 (citation omitted). "Conversely, a new rule of procedure adopted by this Court which does not affect the integrity of the fact-finding process should be given prospective effect." *Id*. at 63 (citation omitted). In regard to the reliance prong, this Court examines whether an individual or individuals detrimentally relied on the old rule. *Maxson*, 482 Mich at 393. "To be considered to have detrimentally relied on the old rule, a defendant must have relied on the rule in not pursuing an appeal and have suffered harm as a result of that reliance." *Id*. at 394. In regard to the administration of justice prong, this Court considers the state's interest in the finality of judgments. *Id*. at 398.

In *Comer*, the Michigan Supreme Court held that "the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Comer*, 500 Mich at 297. When a trial court amends a judgment of sentence on its own initiative to add the statutory requirement of lifetime electronic monitoring, a defendant's guilt has already been determined. Indeed, in the instant matter, defendant already pleaded no contest to CSC I when the trial court amended the judgment of sentence on its own initiative to add the statutory requirement of lifetime electronic monitoring. Thus, the trial court's authority to correct an invalid sentence on its own initiative does not concern the ascertainment of a defendant's guilt or innocence. Rather, the trial court's authority to correct an invalid sentence on its own initiative concerns the **procedure** for amending an invalid sentence. Accordingly, applying a *Sexton* analysis, the purpose of the new rule counsels against retroactivity.

From 1997 until 2017, the law allowed a trial court to amend an invalid judgement sua sponte with no time limitation. *Harris*, 224 Mich App at 601. This was the well settled law, albeit wrongly decided. Generally, "[w]hen a decision overrules settled law, more reliance is likely to have been placed in the old rule than in cases in which the law was unsettled or unknown." *Sexton*, 458 Mich at 63-64. Indeed, in footnote 52 in *Comer*, the Supreme Court acknowledged that it had upheld the authority of a trial court to act on its own motion to correct an invalid sentence of a court to correct an invalid sentence. However, the court noted:

> But this Court is constitutionally vested with the exclusive authority to establish and modify rules of practice and procedure in this state. And when this Court exercises that authority, the courts are bound by its exercise. By adopting MCR 6.435 and MCR 6.429, we set forth the governing procedure for correcting an invalid sentence in Michigan that trial courts must follow. Under these rules, a party

-4-

must move to correct an invalid sentence; a court cannot do so on its own accord after entry of the judgment. [*Comer*, 500 Mich at 299].

MCR 6.435 and MCR 6.429 did not set time limits with respect to a trial court's authority to correct an invalid sentence *Id.*, but they also did not give the trial judge sua sponte authority to correct an invalid sentence. Thus, the Michigan Supreme Court's decision in *Comer* overruled settled law. It is unknown how many invalid sentences were amended without a motion between 1997 and 2017. It stands to reason that there were several such amendments and that the defendants whose sentences were modified are entitled to relief from those sentences if *Comer* is applied retroactively. In *Sexton*, the Court specifically declined to give retroactive effect to procedural rules that did not affect "the integrity of the fact-finding process" noting those rules were based "this Court's supervisory powers over the practices and procedures used in our courts." 458 Mich at 62-63 (quotation marks and citation omitted). Mindful of the likely effect on the administration of justice, giving rise to numerous appeals, and with 20 years of reliance on *Harris*, we find that this factor also does not favor retroactive application. Therefore, we conclude, as did the *Sexton* Court, that the decision in *Comer*, based upon the court's supervisory authority, is prospective.

Considering that *Comer* does not constitute a retroactive change in the law, defendant is not entitled to relief on a successive motion for relief from judgment. Under MCR 6.502(G)(2), "[a] defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment[.]" *Comer* does not constitute a retroactive change in the law. Thus, the trial court did not err when it denied defendant's application for leave to file a successive motion for relief from judgment. Furthermore, the trial court did not err when it amended the judgment of sentence on its own initiative, after entry, to add lifetime electronic monitoring. On that date, this Court's opinion in *Harris* provided that "a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A)[.]" *Harris*, 224 Mich App at 601. Thus, the trial court properly corrected defendant's invalid sentence on its own initiative.

B. JURISDICTION TO AMEND THE JUDGMENT OF SENTENCE

On remand, the Michigan Supreme Court specifically directed this Court to consider whether "the Oakland Circuit Court lacked jurisdiction, under *Comer*, to amend the January 14, 2008 judgment of sentence on its own initiative, after entry, to add lifetime electronic monitoring[.]" *People v Rodgers*, 504 Mich 962 (2019).

"Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement." *People v Washington (On Remand)*, 329 Mich App 604, 610; 944 NW2d 142 (2019) (citation and quotation marks omitted). "When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void." *Id.* (citation and quotation marks omitted). For this reason, "[j]urisdictional defects may be raised at any time." *Id.* (citation and quotation marks omitted). "Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it[.]" *Id.* at 611 (citation and quotation marks omitted). Therefore, "[w]ant of jurisdiction must be distinguished from error in the exercise of jurisdiction[.]" *Id.* (citation and quotation marks omitted). The Michigan Supreme Court has previously cautioned against "the loose practice that has grown up, even in some opinions, of saying that a court had no jurisdiction to take certain legal action when

what is actually meant is that the court had no legal right to take the action, that it was in error[.]" *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 336 n 3; 901 NW2d 566 (2017) (citation, quotation marks, and brackets omitted). This Court recognized these principles in *Washington*, when the trial court erroneously resentenced the defendant while an application for leave to appeal to the Michigan Supreme Court was still pending. 329 Mich App at 604, 607. In doing so, this Court recognized "the distinction between the existence of subject-matter jurisdiction and the exercise of it[]" and concluded that "the timing error at issue was not a structural error occasioned by a lack of subject-matter jurisdiction. Rather, the error was merely procedural in nature, occasioned by premature activity." *Id*. at 614.

Assuming that *Comer* applies retroactively for purposes of answering the Supreme Court's second directive on remand, the trial court lacked the authority to amend the judgment of sentence on its own initiative to add lifetime electronic monitoring. In *Comer*, the Michigan Supreme Court considered whether the trial court's failure to impose lifetime electronic monitoring as a part of the defendant's sentence for CSC I rendered the defendant's sentence invalid, and, if so, whether the trial court could correct the invalid sentence on its own initiative 19 months after the original judgment of sentence was entered. *Comer*, 500 Mich at 283. After determining that the defendant's sentence was invalid because the defendant's sentence did not include lifetime electronic monitoring mandated by MCL 750.520n, the Michigan Supreme Court concluded that "the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Id*. at 297. "Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429." *Id*. at 297-298.

Defendant's sentence was invalid because it did not include the statutory requirement of lifetime electronic monitoring under MCL 750.520n. *Comer*, 500 Mich at 299. Under the version of MCR 6.429(B) in effect at the time, the trial court could have corrected this error on its own initiative before entering judgment, but the trial court failed to do so. After the judgment of sentence was entered on January 14, 2008, the prosecution had six months to file a motion to correct the invalid sentence. *Id*. at 300. The prosecution failed to do so, and, on February 19, 2008, the trial court amended the judgment of sentence on its own initiative to add lifetime electronic monitoring to defendant's sentence. Under the Michigan Supreme Court's interpretation of MCR 6.435 and MCR 6.429 in *Comer*, this was improper because the trial court lacked the authority to correct defendant's invalid sentence absent a motion from either of the parties. *Id*. Accordingly, assuming that *Comer* applies retroactively, the trial court lacked the authority to amend the January 14, 2008 judgment of sentence on its own initiative.

Despite the trial court's lack of **authority** to amend the judgment of sentence on its own initiative, the trial court had **jurisdiction** to do so. "Michigan circuit courts are courts of general jurisdiction and unquestionably have jurisdiction over felony cases." *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (citations omitted). Furthermore, it is erroneous to conclude that a court had no jurisdiction to take certain legal action when what is actually meant is that the court had no legal right to take the action. *Washington*, 329 Mich App at 614. Thus, despite the trial court's lack of authority to amend the judgment of sentence on its own initiative, the trial court had jurisdiction, under *Comer*, to amend the January 14, 2008 judgment of sentence.

## C. RELIEF UNDER MCR 6.502(G)

On remand, the Michigan Supreme Court directed this Court to consider whether, "if *Comer* does not constitute a retroactive change in the law, but the trial court lacked jurisdiction to amend the judgment of sentence, the defendant is entitled to relief on his successive motion for relief from judgment or relief is barred by MCR 6.502(G)." *People v Rodgers*, 504 Mich 962 (2019). Assuming that *Comer* does not constitute a retroactive change in the law but the trial court lacked jurisdiction to amend the judgment of sentence, defendant would be entitled to relief because the amended judgment of sentence was void, and jurisdictional defects may be raised at any time.

Generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). MCR 6.502(G)(2) is an exception to the general prohibition on successive motions for relief from judgment. *Id*. Under MCR 6.502(G)(2),

> [a] defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

Despite the limited avenues for relief under MCR 6.502(G)(2), this Court has recognized that, "[w]hen a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void." *Washington*, 329 Mich App at 610 (citation and quotation marks omitted). For this reason, "[j]urisdictional defects may be raised at any time." *Id*. (citation and quotation marks omitted). Furthermore, "courts are bound to take notice of the limits of the authority." *Id*. (citation, quotation marks, and brackets omitted). Thus, assuming that *Comer* does not constitute a retroactive change in the law but the trial court lacked jurisdiction to amend the judgment of sentence, defendant would be entitled to relief because the amended judgment of sentence was void. We acknowledge that a lack of jurisdiction is not a specified ground for relief under MCR 6.502(G)(2). Nevertheless, jurisdictional defects may be raised at any time. In sum, assuming that *Comer* does not constitute a retroactive change in the law but the trial court lacked jurisdiction to amend the judgment of sentence, defendant would be entitled to relief because the amended judgment of sentence was void, and jurisdictional defects may be raised at any time.

## IV. CONCLUSION

The three-part test of retroactivity counsels against retroactive application of the Michigan Supreme Court's decision in *Comer*. Thus, defendant is not entitled to relief on a successive motion for relief from judgment under MCR 6.502(G)(2). Under the prevailing law at the time, trial court did not err when it amended the judgment of sentence on its own initiative, after entry, to add lifetime electronic monitoring.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica