*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RASHED AM BROWN,

        Defendant-Appellant.

UNPUBLISHED
June 6, 2024

No. 365205
Oakland Circuit Court
LC No. 2016-259631-FC

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

REDFORD, J. (*concurring*).

I fully concur with the lead opinion in this case that defendant cannot demonstrate a successful claim of ineffective assistance of counsel based on the facts of this case and the law that was applicable at the time of his case. Defendant received a within-guidelines sentence, lawfully imposed. He is, therefore, entitled to no relief.

I write separately because I respectfully disagree with my partially concurring and partially dissenting colleague that we should vacate the denial of defendant's motion for relief from judgment and remand for reconsideration of the proportionality of the sentence imposed. I believe we should hold that the decision in *People v Posey*, 512 Mich 317, 355-356; 1 NW2d 101 (2023), that within-guidelines sentences are subject to proportionality review, does not apply retroactively to any case in which the direct appeal was completed at the time *Posey* was decided.

ANALYSIS

The sentencing guidelines are advisory. *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Before *Posey*, this Court was required under MCL 769.34(10) to affirm within-guidelines sentences absent an error scoring the guidelines or evidence that the trial court relied on inaccurate information when sentencing a defendant. In 2023, our Supreme Court held that this requirement was unconstitutional because it conflicted with *Lockridge's* mandate that the sentencing guidelines are advisory. *Posey*, 512 Mich at 354. Instead, a within-guidelines sentence is now subject to proportionality review. *Id*. at 355-356.

Generally, "judicial decisions are to be given complete retroactive effect." *People v Barnes*, 502 Mich 265, 268; 917 NW2d 577 (2018) (quotation marks and citation omitted). However, when a judicial decision announces a new rule, retroactive application of that rule does not extend to cases which have already become final, because, "at some point, the rights of the parties should be considered frozen and a conviction . . . final." *Id*. (quotation marks and citation omitted; ellipses in original). Certain exceptions, however, permit retroactive application on collateral review. *Id*.

Both federal and state standards govern the retroactivity of new legal principles to criminal cases that have become final and are subject to collateral review. *Id*. at 268-269. The federal standard was laid out in the plurality opinion in *Teague v Lane*, 489 US 288; 109 S Ct 1060; 103 L Ed 2d 334 (1989). "Under *Teague*, a new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced." *Montgomery v Louisiana*, 577 US 190, 198; 136 S Ct 718; 193 L Ed 2d 599 (2016). However, *Teague* recognized an exception to the general bar against retroactivity for new substantive rules of law, which are defined as "rules forbidding criminal punishment of certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id*. (quotation marks and citation omitted); *Teague*, 489 US at 307.[1]

The first question under the federal framework is whether the rule announced in *Posey* constitutes a new rule. See *Barnes*, 502 Mich at 269. A new rule "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id*. (quotation marks and citation omitted). When deciding whether a rule is new, a reviewing court must determine "whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." *Id*. at 270 (quotation marks and citation omitted; alterations in original).

In *Posey*, our Supreme Court announced that within-guidelines sentences must be reviewed for reasonableness on appeal. *Posey*, 512 Mich at 355-356. In announcing this holding, the Supreme Court overruled the portion of *People v Schrauben*, 314 Mich App 181; 886 NW2d 173 (2016), that required the Court of Appeals to affirm a sentence if the defendant's minimum sentence was within the recommended guidelines minimum sentence range. *Posey*, 512 Mich at 349. The Court also struck the portion of MCL 769.34(10) which required the affirmation of within-guidelines sentences on appeal absent an error scoring the guidelines or evidence that the trial court relied on inaccurate information when sentencing a defendant as unconstitutional. *Id*. By overturning existing precedent, *Posey* announced a new rule. See *Barnes*, 502 Mich at 269.

The second question under the federal framework is whether the new rule is a substantive rule of constitutional law. In *Barnes*, our Supreme Court concluded that the holding in *Lockridge*,

---

[1] *Teague* addressed an additional exception to the rule against retroactivity for watershed rules of criminal procedure, which were defined as rules "implicating the fundamental fairness and accuracy of the criminal proceeding." *Montgomery*, 577 US at 198 (quotation marks and citation omitted). The United States Supreme Court later explained that no new rules of criminal procedure can meet this exception. *Edwards v Vannoy*, 593 US 255, 271; 141 S Ct 1547; 209 L Ed 2d 651 (2021). Accordingly, I do not address this exception.

498 Mich at 391, that Michigan's previously mandatory sentencing guidelines were only advisory, was not retroactive. *Barnes*, 502 Mich at 268. The Court explained that *Lockridge* did not announce a substantive rule because "it applies neither to primary conduct nor to a particular class of defendants but rather adjusts how the sentencing process functions once any defendant is convicted of a crime." *Id*. at 271. Like *Lockridge*, *Posey* only concerns the sentencing process once a defendant is convicted of a crime. Consequently, *Posey* did not create a new substantive rule of constitutional law. Therefore, *Posey* is not retroactively applicable to cases on collateral review under the federal framework.

Application of our state retroactivity test leads to the same conclusion. Under our state retroactivity test,[2] we consider the following three factors:

> (1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice. [*Barnes*, 502 Mich at 273 (quotation marks and citation omitted).]

Under the first factor, a new rule is amenable to prospective application when the purpose of the new rule "is not relevant to the ascertainment of guilt or innocence and does not implicate the integrity of the fact-finding process." *Id*. (quotation marks and citation omitted). "[T]he first factor must be afforded more weight than either of the other two factors when the first factor does 'clearly favor' retroactivity or prospectivity." *People v Carp*, 496 Mich 440, 502; 852 NW2d 801 (2014), cert gtd and opinion vacated sub nom on other grounds by *Davis v Michigan*, 577 US 1186; 136 S Ct 1356; 194 L Ed 2d 339 (2016). The second and third factor may be considered together "because the amount of past reliance will often have a profound effect upon the administration of justice." *Barnes*, 502 Mich at 273 n 6 (quotation marks and citation omitted).

Under the first factor, retroactive application is favored when the new rule is relevant to ascertainment of guilt or innocence or implicates the integrity of the fact-finding process. *Id*. at 273. *Posey's* holding that within-guidelines sentences are subject to proportionality review does not concern the ascertainment of guilt or innocence. Instead, *Posey* concerns the imposition of a sentence after a defendant has been found guilty. Likewise, *Posey* does not implicate the integrity of the fact-finding process. In *Carp*, our Supreme Court rejected the idea that the integrity of the fact-finding process was implicated by the fact that a sentencing court may make factual findings during sentencing. *Carp*, 496 Mich at 498-499. The Court explained that in previous applications of the state retroactivity test, the Supreme Court only referred to the integrity of the fact-finding process in the context of ascertaining a defendant's guilt or innocence and declined to accept the argument that the fact-finding process extended through sentencing. *Id*. at 499-500. Accordingly, *Posey* also does not implicate the integrity of the fact-finding process. The first factor counsels against retroactive application of *Posey* to cases on collateral review.

---

[2] The state-law test was derived from the pre-*Teague* federal retroactivity test in *Linkletter v Walker*, 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), which was subsequently disavowed as the federal standard in *Griffith v Kentucky*, 479 US 314; 107 S Ct 708; 93 L Ed 2d 649 (1987); however, it remains viable as the state-specific standard. *Barnes*, 502 Mich at 273 n 5.

As noted earlier, the first factor is afforded heightened weight over the second and third factor when it clearly favors retroactivity or prospectivity. *Carp*, 496 Mich at 502. Accordingly, the second and third factor would need to strongly favor retroactivity to overcome the first factor. *Id*. In this case, the second and third factor also counsel against retroactive application of *Posey* to cases on collateral review.

Both the second factor, the general reliance on the old rule, and third factor, the effect on the administration of justice, favor prospective application. Apparent from legislative mandate, there was widespread reliance by the bench and the bar on the requirement that appellate courts affirm within-guidelines sentences absent an error in scoring the sentencing guidelines or inaccurate information relied on in determining a defendant's sentence. MCL 769.34(10) was enacted in 1994 with an effective date in December 1998, 1994 PA 445, and held unconstitutional in 2023, *Posey*, 512 Mich at 349. The decision in *Lockridge* cast doubt on the constitutionality of this statute, but this Court interpreted *Lockridge* to have kept MCL 769.34(10) intact in 2016. *Schrauben*, 314 Mich App at 196 n 1. Between that 25-year period, myriad defendants were sentenced within the guidelines. Consideration of the defendants sentenced to within-guidelines between the decisions in *Schrauben* and *Posey* alone is substantial. Because of the general reliance on the old rule, retroactive application of *Posey* would be disruptive to the administration of justice. Potentially every criminal defendant sentenced within-guidelines during these timeframes would be eligible for relief. Consequently, the second and third factors also favor prospective application on collateral review.

Therefore, I would conclude that retroactive application of *Posey* to final convictions on collateral review is not warranted under either the federal or Michigan frameworks. A conviction becomes final when the availability of direct review is exhausted and the time to seek a writ of certiorari has expired. *People v Gomez*, 295 Mich App 411, 414-415; 820 NW2d 217 (2012). Defendant's crimes took place on July 7, 2016. He was tried by a jury, convicted, and subsequently sentenced on July 25, 2017. The State Supreme Court declined review of this Court's judgment affirming defendant's conviction on February 4, 2020. Defendant had 90 days from entry of the State Supreme Court's order to seek a writ of certiorari in the United States Supreme Court and failed to do so. 28 USC 2101(d); US Sup Ct R 13.1. *Posey* was decided on July 31, 2023, three years after defendant's conviction became final. As a result, defendant is not now entitled to a remand on proportionality.

As a result, I respectfully disagree with my partially concurring/dissenting colleague, who would vacate the denial of defendant's motion for relief from judgment and remand for reconsideration of the proportionality of the sentence imposed. I conclude there is no lawful basis, for this defendant to challenge the lawful, within-guidelines sentence imposed by the trial court because the time for a direct appeal expired before *Posey* was decided.

/s/ James Robert Redford