*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRYANT EUGENE BENTLEY, JR.,

Defendant-Appellant.

UNPUBLISHED
April 20, 2026
11:36 AM

No. 367433
Saginaw Circuit Court
LC No. 11-035855-FC

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted the trial court's order denying his motion for leave to file a successive motion for relief from judgment. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

After a jury trial in 2011, defendant was found guilty of armed robbery, MCL 750.529; conspiracy to commit armed robbery, MCL 750.157a(a), MCL 750.529; possession of at least 50 grams but less than 450 grams of cocaine, MCL 333.7403(2)(a)(*iii*); assaulting, resisting, and obstructing a police officer, MCL 750.81d(1); third-degree fleeing and eluding, MCL 750.479a(3); being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The jury acquitted defendant of first-degree felony murder, MCL 750.316(1)(b), as well as the lesser included offense of second-degree murder, MCL 750.317, and its accompanying felony-firearm charge. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 750 to 1,125 months' imprisonment for the armed-robbery and conspiracy convictions, 10 to 20 years' imprisonment for the possession of cocaine and fleeing-and-eluding convictions, 12 months' to 2 years' imprisonment for the resisting-and-obstructing conviction, and 3 to 5 years' imprisonment for the felon-in-possession conviction, all to be served consecutively to concurrent 2-year sentences for the felony-firearm convictions.

This Court affirmed defendant's convictions in his first appeal. *People v Bentley*, unpublished per curiam opinion of the Court of Appeals, issued December 13, 2012 (Docket No. 308069); p 1. This Court summarized the facts of the case, which defendant does not dispute:

> On the day that Corey Nash was shot to death, defendant and Travis Farrow drove a van to Riverview Plaza in Saginaw to meet Nash to engage in a drug transaction. A disagreement erupted and Nash threw the drugs outside of the van. Farrow got out of the van to retrieve the drugs while defendant and Nash struggled over a gun. Because the door handle in the back of the van was broken, Nash tried to exit the vehicle through the driver's side window and was shot. Evidence was adduced that defendant told Farrow to shoot Nash. [*Id*.]

In 2015, defendant moved for relief from judgment in the trial court. The trial court denied the motion, and this Court denied defendant's delayed application for leave to appeal that order. *People v Bentley*, unpublished order of the Court of Appeals, entered November 4, 2015 (Docket No. 328596).

In 2019, our Supreme Court decided *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), holding that a trial court's reliance on acquitted conduct at sentencing violates the defendant's due-process rights. In 2022, defendant sought leave to file another motion for relief from judgment pursuant to MCR 6.502(G)(2)(a), which allows a defendant to file a successive motion for relief from judgment if there has been a retroactive change in the law since the first motion was filed. Defendant argued that *Beck* applied retroactively to his sentence, so he was entitled to relief from judgment because the trial court erroneously considered Nash's death when it sentenced him, even though he was acquitted on the murder charges. The trial court denied defendant's motion, holding that *Beck* did not apply retroactively on collateral review. This appeal followed.

## II. RETROACTIVE APPLICATION

Defendant argues that the trial court should have granted his motion because *Beck* created a retroactive change in the law after he filed his first motion for relief from judgment.[1] We disagree.

### A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for relief from judgment for an abuse of discretion. *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). "A trial

---

[1] Defendant also argues that the trial court violated his right to double-jeopardy protection against punishment for an acquitted offense when it sentenced defendant relying on conduct for which he had been acquitted. We decline to address this issue because our order granting defendant's delayed application for leave to appeal limited the issues on appeal to those raised in his application, and defendant failed to raise this issue in his application. *People v Bentley*, unpublished order of the Court of Appeals, entered January 31, 2024 (Docket No. 367433), citing MCR 7.205(E)(4).

court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010) (citation omitted). "Whether a judicial decision is to be given retroactive effect is a question of law reviewed de novo on appeal." *People v Motten*, ___ Mich App ___, ____; ___ NW3d ___ (2024) (Docket No. 363044); slip op at 2.

## B.  ANALYSIS

MCR 6.502 generally limits a defendant "to 'one and only one motion for relief from judgment' with regard to a conviction." *People v Lemons*, 514 Mich 485, 514; 22 NW3d 42 (2024), quoting MCR 6.502(G)(1).  However, a defendant may file a subsequent motion if there has been "a retroactive change in the law that occurred after the first motion for relief from judgment was filed."  MCR 6.502(G)(2)(a).  Defendant's motion for leave to file a successive motion for relief from judgment was based on our Supreme Court's recent holding that "due process bars sentencing courts from finding by a preponderance of evidence that a defendant engaged in conduct of which he was acquitted." *Beck*, 504 Mich at 629.

In *Beck*, the defendant was charged with multiple offenses, including felon-in-possession, three counts of felony-firearm, open murder, and carrying a firearm with unlawful intent.  *Id*. at 610.  The jury found the defendant guilty of felon-in-possession and one count of felony-firearm, acquitting him of open murder, carrying a firearm with unlawful intent, and the felony-firearm charges relating to those charges.  *Id*.  But at sentencing, the trial court found "by a preponderance of the evidence that the defendant committed the murder of which the jury acquitted him."  *Id*. The trial court further explained:

> With respect to that charge [open murder] the Court does find that there are compelling reasons to go over the guidelines.  The Court believes that . . . to sentence within the guidelines would not be proportionate to the seriousness of the defendant's conduct or the seriousness of his criminal history.  And for that reason the Court is going to go over the guidelines in setting a sentence that is, in fact, proportionate to those things.  [*Id*. at 610-611.]

Based on this reasoning, the trial court ignored defendant's sentencing guidelines range for the felon-in-possession conviction of 22 to 76 months' imprisonment and sentenced the defendant to 240 to 400 months.  *Id*. at 610.

The defendant appealed his sentence, arguing that the trial court could not sentence him for a crime of which he had been acquitted.  *Id*. at 608.  After considering a defendant's rights under the Sixth and Fourteenth Amendments, our Supreme Court concluded:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard.  But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent.  [*Id*. at 626.]

"Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id*. at 609. Therefore, "[b]ecause the sentencing court punished the defendant more severely on the basis of the judge's finding by a preponderance of the evidence that the defendant committed the murder of which the jury had acquitted him, it violated the defendant's due-process protections." *Id*. at 629. The Court vacated the defendant's sentence and remanded for resentencing. *Id*. at 629-630.

Defendant argues that his sentence should also be vacated because the trial court sentenced him for "the murder of which the jury had acquitted him." *Id*. at 629. "Ordinarily, judicial decisions are to be given complete retroactive effect." *People v Barnes*, 502 Mich 265, 268; 917 NW2d 577 (2018) (quotation marks and citation omitted). But while this appeal was pending, this Court addressed the question of *Beck*'s retroactivity in *Motten*, __ Mich App at ___; slip op at 1, concluding that "*Beck*'s holding is not retroactive on collateral review." We remain bound by that decision. MCR 7.215(C)(2) and (J)(1).[2] Accordingly, the trial court in this case did not abuse its discretion by denying defendant's motion for leave to file a successive motion for relief from judgment under MCR 6.502(G)(2)(a) because *Beck* did not create a retroactive change in the law.[3]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica

---

[2] Defendant argues that *Motten* was wrongly decided. We decline to revisit the issue. Our Supreme Court has entered an order directing the scheduling of oral argument on Motten's application for leave to appeal. *People v Motten*, 25 NW3d 115 (Mich, 2025).

[3] Because we affirm the trial court's decision on the merits under MCR 6.502(G)(2)(a), we do not reach the issue of whether defendant could otherwise satisfy the requirements of MCR 6.508(D)(2) or (3).